IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FREEPLAY MUSIC, LLC,

              Plaintiff,

    vs.

DAVE ARBOGAST BUICK-GMC, INC.

           Defendant.

Case No. 3:17-cv-42

District Judge Walter H. Rice

Magistrate Judge Michael J. Newman

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON LIABILITY FOR COPYRIGHT INFRINGEMENT**

# **TABLE OF CONTENTS**

**Page(s)**

I.    PRELIMINARY STATEMENT ...................................................................1

II.    PROCEDURAL HISTORY..........................................................................2

III.    STATEMENT OF UNDISPUTED FACTS .................................................4

    A.    FPM and Its Founder ........................................................................4

    *B.*    The Musical Works at Issue...............................................................5

IV.    Standard of Review...................................................................................14

V.    Argument ..................................................................................................15

    POINT I: FPM Is the Owner of Valid Copyrights..............................………..15

    A.    Each of the Musical Works is an Original Work and Constitutes Copyrightable Subject Matter Within 17 U.S.C. § 102 .........................................16

    B.    The Copyright Registration for Each Work is *Prima Facie* Evidence of Ownership ..................................................................................16

    C.    FPM is the Author and Owner of the Works through Work for Hire Agreements .....................................................................................17

    *D.*    Arbogast Lacks Standing To Contest FPM's Ownership by Assignment.............18

    POINT II: ARBOGAST COPIED FPM'S MUSICAL WORKS WITHOUT AUTHORIZATION................................................................................19

VI.    Conclusion ................................................................................................20

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Napster, Inc. Copyright Litigation*,
    191 F.Supp.2d 1087 (N.D. Cal. 2002) ...........................................................................17, 19

*Billy-Bob Teeth, Inc. v. Novelty, Inc.*,
    329 F.3d 586 (7th Cir. 2003) ...................................................................................................19

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................................14

*Feist Publ'ns Inc. v. Rural Tel. Serv. Co. Inc.*,
    499 U.S. 340 (1991)..................................................................................................................15

*Hight-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*,
    58 F.3d 1093 (6th Cir. 1995) ...................................................................................................16

*Lexmark Int'l v. Static Contril Components, Inc.*,
    3877 F.3d 522 (6th Cir. 2004) .................................................................................................16

*Magunson v. Video Yesteryear*,
    85 F.3d 1424 (9th Cir. 1996) ...................................................................................................19

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..................................................................................................................14

*Montgomery v. Alcoa, Inc.*,
    No. 99-CV-73350-DT, 2000 WL 1769526 (E.D. Mich. Sept. 29, 2000) ................................16

*Neiemi v. American Axle Mfg. & Holding Inc.*,
    No. 05-74210, 2006 WL 3103864 (E.D. Mich. Ct. 31, 2006).................................................16

**Statutes**

17 U.S.C. § 102................................................................................................................................16

17 U.S.C. § 106(1) ..........................................................................................................................19

17 U.S.C. § 201 ........................................................................................................................ 15-17

17 U.S.C. § 204................................................................................................................................18

17 U.S.C. § 410(c) ..........................................................................................................................16

**Rules**

Fed. R. Civ. P. 56(c) ...............................................................................................................14

**Other Authorities**

13 Nimmer § 13.01 ...............................................................................................................16

Plaintiff Freeplay Music, LLC ("FPM") respectfully submits this memorandum of law in support of its motion for summary judgment on Defendant Dave Arbogast Buick-GMC, Inc.'s ("Arbogast") liability for copyright infringement.

## I.    PRELIMINARY STATEMENT

Throughout this action FPM has maintained that this is a simple case of copyright infringement. The admissible evidence before this Court bears that out. FPM owns copyrights covering thousands of musical works. Without authorization, Arbogast created 279 videos ("Arbogast Videos") using 23 of FPM's copyrighted musical works. The Arbogast Videos were commercials to promote Arbogast's business.

Arbogast has not raised a genuine issue of material fact to contest its liability. Instead, it has tried to complicate and prolong this action. For months, Arbogast pressed an argument that somehow FPM's corporate predecessor was the true owner of the copyrights-in-suit. The factual record showed otherwise, and Arbogast abandoned that argument. Next, without doing any investigation, and despite the clear factual record, Arbogast argued that composers—and not FPM—were the owners of the copyrights. Arbogast has stated that in its next motion, it will present yet another theory to challenge the copyrights.

While Arbogast pursued its motion, it refused to make a complete production. The Arbogast Videos were shown, at the very least, on Arbogast's YouTube channel. During the pendency of this case, Arbogast reviewed some of those videos from YouTube, as shown in a document *produced by Arbogast*. Yet, Arbogast has refused to produce *any* of the videos in this case. Arbogast's failures require more work by FPM (and, ultimately, more work by the Court), but do not result in any change to the result here: Arbogast infringed FPM's copyrights.

## II.    **PROCEDURAL HISTORY**

FPM commenced this action on February 9, 2017.  Doc. #1.  Arbogast filed its answer on

May 22, 2017.  Doc. #8.  Since then, Arbogast has used expensive motion practice to run several

unsuccessful theories to challenge FPM's ownership.  It made no attempt, however, to dispute

infringement, in effect conceding that element of liability.

During the initial meet and confer on June 1, 2017, counsel for the parties discussed

settlement, discovery and theories of the case, as required under Rule 16.  Arbogast's position

was grounded in its Affirmative Defenses that the infringement was committed by a party not

within Arbogast's control.  Doc #8, PageID##41-42.  Arbogast's June 23, 2017 Initial

Disclosures aimed to support these defenses by identifying witnesses with knowledge of the

Arbogast Videos.  Declaration of Michelle Usitalo dated September 24, 2018 ("Usitalo Decl.") at

Ex. 1.

On August 16, 2017, FPM served document demands on Arbogast which, in part,

requested that Arbogast produce the Arbogast Videos.  On August 18, 2017 Arbogast served

document demands on FPM.  On September 21, 2017, FPM timely served its responses and

production, including 580 audio and video files corresponding to the Arbogast Videos.  Arbogast

did not timely respond to FPM's document demands.  When it did produce documents, over a

month late, Arbogast's production lacked any of the videos requested and instead contained

emails showing that the videos may be posted on websites in addition to those identified by

FPM's complaint.  Usitalo Decl. at Ex. 2A.  Arbogast also produced emails which appear to

demonstrate that Arbogast was reviewing the videos identified in FPM's complaint.  Usitalo

Decl. at Ex. 2B.  FPM then turned to Requests to Admit on November 21, 2017 to authenticate

the Arbogast Videos.  The Requests are unanswered.  Usitalo Decl. at Ex. 3.  On September 17,

2018, FPM's counsel once again reached out to Arbogast to clarify whether it disputes the use of

FPM's works.  Arbogast did not respond.  FPM now submits all of the musical works at issue, as well as all of the Arbogast Videos, along with the Declaration of Jessie Kuhn dated September 24, 2018 ("FPM Decl.") to demonstrate Arbogast's use of FPM's music in each of Arbogast's 279 promotional videos.

Arbogast has filed a few motions concerning discovery and the pleadings.  Arbogast originally filed a motion seeking judgment on the pleadings and sanctions against FPM and its counsel.  Arbogast's motion was premised on its claim that all public evidence showed that the copyrights-in-suit were owned by companies called "Freeplay Music Corp." and "Freeplay Music, Inc."  Doc. #17.  Arbogast's allegation was both objectively and subjectively false: objectively, the Copyright Office Records show that FPM (not its predecessor in interest) is the owner of the musical works; subjectively, the documents attached to the Declaration of Bryan Sugar submitted in support of Arbogast's motion refer directly to the Copyright Office records showing FPM is the owner of these copyrighted works.  FPM's opposition pointed this out; it also demonstrated that FPM produced these documents to Arbogast before Arbogast filed its motion.  Doc. #19.

Instead of simply withdrawing its motion for judgment on the pleadings, Arbogast filed a reply raising new arguments.  Doc. #20.  FPM was forced to file a motion for a surreply and/or a motion to strike, which was granted.  Doc. #33-34.  In June 2018, Arbogast agreed that its motion was moot, and it now has abandoned these arguments.  Doc. #50.

On November 3, 2018 Arbogast also filed a Motion to Modify the Preliminary Pretrial Conference Order to allow for a six-month extension.  Doc. #22.  Arbogast could not articulate exactly what discovery it could obtain during that extension, and FPM opposed the extension as unnecessary.  Doc. #38. On March 20, 2018 Arbogast made a Motion for Additional Discovery, once again seeking to extend discovery to contest that FPM owned the copyrights-in-suit.  Doc.

#44. FPM opposed the Motion and submitted declarations of 13 composers with its opposition, later supplementing that submission with two additional declarations. Doc. ##45, 45-1, 46. On May 17, 2018, this Court denied Arbogast's request for additional discovery, with the exception of a limited deposition of Mr. Schreer regarding the composer declarations that never took place. Doc. #49.

The parties engaged in mediation in July 2018. Those efforts were unsuccessful. This Court then entered an Order for competing motions for summary judgment, and further proceedings. Doc. #51.

### III.  STATEMENT OF UNDISPUTED FACTS

#### A.  FPM and Its Founder

FPM was founded in 2001 by Scott Schreer. October 16, 2017 Schreer Decl., Doc. #19-1, PageID 195-96 at ¶¶ 1,6. FPM is a high-quality online music library. *Id.* at ¶ 6. FPM's music library allows emerging and established composers and artists to expose their music to television and feature films. *Id.* FPM now acts as a music publisher for hundreds of composers and over 50,000 musical works. *Id.* at ¶ 9. Because FPM is committed to maintaining the highest quality music in its library it rejects approximately 95% of the submissions it receives. *Id.* at ¶ 10. FPM's music has been licensed in all media in countries around the world and is used by the most prominent U.S. and international broadcasters, including Fox, NBC, HBO, and AMC. FPM's music has been used by various sports networks and has been used in NBC's Olympic coverage for the past fourteen years. *Id.* at ¶ 11.

Scott Schreer is not only the founder and CEO of FPM, but is also a contributing composer to FPM's catalogue. *Id.* at ¶ 7. Mr. Schreer is a TV composer and music producer that has worked in the music industry for over 40 years. *Id.* at ¶ 2. He has written thousands of music compositions over the course of his career. *Id.* at ¶ 3. His compositions include the *NFL*

4

*on Fox* theme, the *MLB on Fox* theme, the opening theme and underscore for ABC's *Hope and Faith*, and *The Cosby Show*, as well as commercials for Coca-Cola and Snickers, among many others.  *Id.* at 3.  He has been honored with several Emmy nominations, seven BMI Writer of the Year awards (2007-2013), and was voted one of America's Top Music and Sports people of 2014 by *ESPN The Magazine.  Id.* at ¶ 5.

       **B.**     **The Musical Works at Issue**

      The musical works used by Arbogast in its promotional videos are songs found within FPM's music library.  *See* FPM Decl. at ¶¶ 4 *et. seq.*

      ***Can Do, Swing Cheese*, and *Your Eyes On Glory***.  Scott Schreer, Philip Garrod and Reed Hays created the musical works *Can Do*, *Swing Cheese*, and *Your Eyes On Glory*.  Schreer Decl., Doc. #45-1, PageID#821; Garrod and Hays Decls., Doc. ##46-1,2. Mr. Schreer conveyed *Can Do*, *Swing Cheese*, and *Your Eyes On Glory* to FPM through a "Work for Hire Agreement" ("Schreer Agreement") and confirmed FPM's ownership of those works. Doc. #45-1, PageID#821; Usitalo Decl. at Ex. 4.  Throughout the industry, it is common to have an Assignment Clause in Work for Hire Agreements.  That way, in the event that the work being conveyed is ever deemed not to be a work for hire under the Copyright Act, the Assignment Clause provides that the composers/musicians assign the copyright to the work.  The Schreer Agreement contains an Assignment Clause. *Id.*

      Messrs. Garrod and Hays conveyed *Can Do, Swing Cheese,* and *Your Eyes On Glory* to a company called Not Just Jingles, Inc. through "Work for Hire Agreements" that also contained contingent Assignment Clauses and confirmed FPM's ownership of *Can Do, Swing Cheese*, and *Your Eyes On Glory*.  Garrod and Hays Decls. Doc. ##46-1, 2; Usitalo Decl. at Exs. 5-6.  Not Just Jingles, Inc. assigned its rights to Freeplay Music

Corp., which assigned its rights to FPM.  Usitalo Decl. at Ex. 7; October 16, 2017 Michelle Usitalo Decl., Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No. SR 333-631 for *Motivational Volume 1*, which includes *Can Do* and *Your Eyes on* Glory, and Registration No. SR 412-638 correcting a clerical error and identifying FPM as the owner of the works.  Doc. #19-2, PageID##206-11; Doc. #19-5, PageID##330-35.  The Copyright Office issued Registration No. SR. 333-631 for *Promos Volume 1*, which includes *Swing Cheese*, and Registration No. SR 412-638 correcting a clerical error and identifying FPM as the owner of the work.  Doc. #19-5, PageID##310-15.

*Can Do* was used in 96 Arbogast promotional videos, *Swing Cheese* was used in 1 Arbogast promotional video, and *Your Eyes On Glory* was used in 4 Arbogast promotional videos.  FPM Decl. at ¶¶ 86-182, 304-05, 315-319.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on, *Can Do*, *Swing Cheese*, and/or *Your Eyes On Glory*.  *Id.* at ¶¶ 85, 303, 314.

***Challenge The Dream, Cuttin Loose, and Mod Indigo***.  Mr. Schreer and Jonathan Martin Gordon created *Challenge The Dream*, *Cuttin Loose, and Mod Indigo*.  Schreer and Gordon Decls., Doc. #45-1, PageID##791, 821.  Messrs. Schreer and Gordon conveyed their exclusive rights in *Challenge The Dream*, *Cuttin Loose*, an*d Mod Indigo* to Freeplay Music Corp. through Work for Hire Agreements that contained contingent Assignment Clauses and confirmed FPM's ownership of those works.  *Id.*; Usitalo Decl. at Exs. 4, 8.  Freeplay Music Corp. assigned *Challenge The Dream*, *Cuttin Loose*, and *Mod Indigo* to FPM.  Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No*, SR 337-156 for *Motivational Volume 2*, which includes *Challenge The Dream,* and Registration No. SR 412-637

6

correcting a clerical error and identifying FPM as the owner of the work. Doc. #19-3, PageID##215-20. The Copyright Office issued Registration No. SR 378-924 for *Country Volume 1*, which includes *Cuttin Loose*, and Registration No. SR 412-623 correcting a clerical error and identifying FPM as the owner of the work. Doc. #19-3, PageID##233-38. *Mod Indigo* is included in the collection *Alternative Rock Volume 1*. The Copyright Office issued Registration No. SR 333-651 for *Alternative Rock Volume 1*, which includes *Mod Indigo*, and Registration. No. SR 412-626 correcting a clerical error and identifying FPM as the owner of the work. Doc. #19-4, PageID##273-279.

*Challenge The Dream* was used in 76 Arbogast promotional videos, *Cuttin Loose* was used in 40 Arbogast promotional videos*,* and *Mod Indigo* was used in 3 Arbogast promotional videos. FPM Decl. at ¶¶ 7-84, 191-230, 283-86. FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as these promotional videos) based on, *Challenge The Dream*, *Cuttin Loose*, and/or *Mod Indigo*. *Id.* at ¶¶ 6, 190, 282.

**_Charlie_** Mark Cally and Tim Davies created *Charlie*. Messrs. Cally and Davies conveyed the exclusive rights in *Charlie* to Freeplay Music Corp. by a Work for Hire Agreement that also contained an Assignment Clause. Usitalo Decl. at Ex. 9.

The Copyright Office issued Registration No. SR 378-924 for *Freeplay Music Corp./DVD #5*, which includes *Charlie*. *Id.* at Ex. 10. The Copyright Office recorded Freeplay Music Corp.'s assignment of *Freeplay Music Corp./DVD #5* to FPM at V3553D361. Doc. #19-5, PageID##339-40.

*Charlie* was used in 1 Arbogast promotional video. FPM Decl. at ¶ 184-85. FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Charlie. Id.* at ¶ 183.

7

*__Corn Liquor, Driftwood, Heartland, and Spice Factor__*.  Mr. Schreer and Rick DiFonzo created *Corn Liquor, Driftwood, Heartland, and Spice Factor*.  Schreer and R. DiFonzo Decls., Doc. #45-1, PageID##807, 821.  The writer credit for *Corn Liquor*, *Driftwood*, *Heartland*, and *Spice Factor* was split between Mr. Schreer and Deborah DiFonzo in an agreement between Cruz Bay Music and Freeplay Music Corp. ("Cruz Bay Agreement").  Usitalo Decl. at Ex. 11; D. DiFonzo Decl., Doc. #45-1, PageID##804, 807.  Cruz Bay conveyed the exclusive rights to *Corn Liquor*, *Driftwood*, *Heartland*, and *Spice Factor* to FPM and Messrs. Schreer, DiFonzo, and Mrs. DiFonzo confirmed FPM's ownership of those works.  *Id.*, Schreer and R. DiFonzo Decls. Doc. #45-1, PageID##807, 821.  Freeplay Music Corp. assigned *Corn Liquor, Driftwood, Heartland,* and *Spice Factor* to FPM.  Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No. SR 378-924 for *Country Volume 1*, which includes *Corn Liquor*, and Registration No. SR 412-623, correcting a clerical error and identifying FPM as the owner of the work.  Doc. #19-3, PageID#224-29.  The Copyright Office issued Registration No. SR 362-469 for *Just The Weather Volume 1¸* which includes *Driftwood,* and Registration No. SR 412-640 correcting a clerical error and identifying FPM as the owner of the work and Registration No. SR 412-787 noting that *Just The Weather Volume 1* was retitled to *Broadcast Volume 1*.  Doc. #19-3, PageID#242-50.

*Corn Liquor* was used in 2 Arbogast promotional videos, *Driftwood* was used in 8 Arbogast promotional videos, *Heartland* was used in 12 Arbogast promotional videos, and *Spice Factor* was used in 1 Arbogast promotional video.  FPM Decl. at ¶¶ 187-89, 232-40, 269-81, 297-98.  FPM did not authorize Arbogast to exploit, reproduce, or make

a derivative work (such as a promotional video) based on *Corn Liquor*, *Driftwood*, *Heartland*, and/or *Spice Factor*. *Id.* at ¶¶ 186, 231, 268, 296.

**_The Edge_**. Mr. Schreer, Pete Calandra*,* and Larry Bucksbaum created *The Edge*. Usitalo Decl. at Exs. 4, 12, 13; Schreer and Calandra Decls., Doc. #45-1, PageID##800, 821. Messrs. Schreer, Calandra, and Bucksbaum conveyed *The Edge* to Freeplay Music Corp through Work for Hire Agreements that also contained contingent Assignment Clauses. *Id.* Freeplay Music Corp. assigned *The Edge* to FPM. Doc. #19-5, PageID##339-40. Messrs. Schreer and Calandra confirmed FPM's ownership of *The Edge*. Schreer and Calandra Decls., Doc. #45-1, PageID##800, 821.

The Copyright Office issued Registration No. SR 333-636 for *Business and Finance Volume 1,* which includes *The Edge*, and Registration No. SR 412-622 correcting a clerical error and identifying FPM as the owner of the work. Doc. #19-4, PageID##254-60.

*The Edge* was used in 2 Arbogast promotional videos. FPM Decl. at ¶ 242-44. FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *The Edge. Id.* at ¶ 241.

**_Feel Good_**. Gary Philips created *Feel Good*. Usitalo Decl. at Ex. 14. Mr. Philips conveyed *Feel Good* to Freeplay Music Corp. through a Work for Hire Agreement that also contained a contingent Assignment Clause. *Id.*

The Copyright Office issued Registration No. SR 374-912 for *Freeplay Music Corp./DVD #3,* which includes *Feel Good*. Usitalo Decl. at Ex. 15. The Copyright Office recorded Freeplay Music Corp.'s assignment of its interest in *Freeplay Music Corp./DVD #5* to FPM at V3553D361. Doc. #19-5, PageID##339-40.

9

*Feel Good* was used in 7 Arbogast promotional videos.  FPM Decl. at ¶¶ 246-53.
FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as
a promotional video) based on *Feel Good.  Id.* at ¶ 245.

**_Funky Pad_**.  Brian Casel created *Funky Pad*.  Casel Decl., Doc. #45-1,
PageID#802.  Mr. Casel conveyed *Funky Pad* to Freeplay Music Corp. through a Work
for Hire Agreement that also contained a contingent Assignment Clause and confirmed
FPM's ownership of *Funky Pad.  Id.*; Usitalo Decl. at Ex. 16.

The Copyright Office issued Registration No. SR 396-282 for *Freeplay Music
Corp./DVD #9*, which includes *Funky Pad.*  Usitalo Decl. at Ex. 17.  The Copyright
Office recorded Freeplay Music Corp.'s assignment of its interest in *Freeplay Music
Corp./DVD #9* to FPM at V3553D361.  Doc. #19-5, PageID##339-40.

*Funky Pad* was used in 4 Arbogast promotional videos.  FPM Decl. at ¶¶ 255-59.
FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as
a promotional video) based on *Funky Pad.  Id.* at ¶ 254.

**_Ground Squad_**.  Tilmann Sillescu created *Ground Squad* for Dynamedion GbR.
Dynamedion Decl., Doc. #45-1, PageID#809.  Dynamedion GbR assigned its rights and
interests in *Ground Squad* to FPM through a Library Acquisition Agreement and
confirmed FPM's ownership of *Ground Squad*.  *Id.*; Usitalo Decl. at Ex. 18.

The Copyright Office issued Registration No. SR 633-492 for *Freeplay Music
LLC/CD #12*, which includes *Ground Squad*.  Usitalo Decl. at Ex. 19.  *Ground Squad*
was used in 2 Arbogast promotional videos.  FPM Decl. at ¶¶ 261-63.  FPM did not
authorize Arbogast to exploit, reproduce, or make a derivative work (such as a
promotional video) based on *Ground Squad. Id.* at ¶ 260.

**_Hear Me Calling and Right On It_**.  Marco Mastrocola created *Hear Me Calling* and *Right On It*.  Mastrocola Decl., Doc. #45-1, PageID#819.  Mr. Mastrocola conveyed *Hear Me Calling* and *Right On It* to Freeplay Music Corp. through a Work for Hire Agreement that also contained a contingent Assignment Clause and confirmed FPM's ownership of *Hear Me Calling* and *Right On It*.  *Id.*; Usitalo Decl. at Ex. 20.

The Copyright Office issued Registration No. SR 396-282 for *Freeplay Music Corp./DVD #9*, which includes *Hear Me Calling* and *Right On It*.  Usitalo Decl. at Ex. 17.  The Copyright Office recorded Freeplay Music Corp.'s assignment of its interest in *Freeplay Music Corp./DVD #9* to FPM at V3553D361.  Doc. #19-5, PageID##339-40.

*Hear Me Calling* was used in 2 Arbogast promotional videos and *Right On It* was used in 1 Arbogast promotional video.  *Id.* at ¶¶ 265-67, 291-92.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Hear Me Calling or Right On It*.  *Id*. at ¶¶ 264, 290.

**_Moonbeams_**.  Pete Calandra created *Moonbeams*.  Calandra Decl., Doc. #45-1, PageID#800.  Mr. Calandra conveyed *Moonbeams* to Freeplay Music Corp. through a Work for Hire Agreement that also contained an Assignment Clause and confirmed FPM's ownership of Moonbeams.  *Id.*; Usitalo Decl. at Ex. 12.  Freeplay Music Corp. assigned *Moonbeams* to FPM.  Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No. SR 335-879 for *Promos Volume 2*, which includes *Moonbeams*, and Registration No. SR 412-659 correcting a clerical error and identifying FPM as the owner of the work.  Doc. #19-4, PageID##283-88.

*Moonbeams* was used in 1 Arbogast promotional video.  FPM Decl. at ¶¶ 288-89.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Moonbeams. Id.* at ¶ 287.

**_Soul Thang_**.  Mr. Schreer and Stephen Love composed _Soul Thang_.  Schreer and Love Decls., Doc. #45-1, PageID##817, 821.  Messrs. Schreer and Love conveyed _Soul Thang_ to Freeplay Music Corp. through Work for Hire Agreements that also contained contingent Assignment Clauses and confirmed FPM's ownership of _Soul Thang_.  _Id._; Usitalo Decl. at Exs. 4, 21.  Freeplay Music Corp. assigned _Soul Thang_ to FPM.  Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No. SR 337-201 for _Acid Jazz Volume 1_, which includes _Soul Thang,_ and Registration No. SR 412-628 correcting a clerical error and identifying FPM as the owner of the work.  Doc. #19-4, PageID##292-97.

_Soul Thang_ was used in 1 Arbogast promotional video.  FPM Decl. at ¶¶ 294-95. FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on _Soul Thang_.  _Id._ at ¶ 293.

**_SurfNation_**.  Paul Andrews created _SurfNation_.  Andrews Decl., Doc. #45-1, PageID#798.  Mr. Andrews conveyed _SurfNation_ to Freeplay Music Corp. through a Work for Hire Agreement that also contained a contingent Assignment Clause and confirmed FPM's ownership of _SurfNation_.  _Id._; Usitalo Decl. at Ex. 22.

The Copyright Office issued Registration No. SR 374-912 for _Freeplay Music Corp./DVD #3_, which includes _SurfNation._  Usitalo Decl. at Ex. 15.  The Copyright Office recorded Freeplay Music Corp.'s assignment of its interest in _Freeplay Music Corp./DVD #3_ to FPM at V3553D361.  Doc. #19-5, PageID##339-40.

_SurfNation_ was used in 2 Arbogast promotional videos.  FPM Decl. at ¶¶ 300-02. FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on _SurfNation. Id._ at ¶ 299.

***Tea For Two***.  Mr. Schreer and Pierre Langer created *Tea For Two*.  Schreer and Langer Decls., Doc. #45-1, PageID##813,821.  Messrs. Schreer and Langer conveyed *Tea For Two* to Freeplay Music Corp. through Work for Hire Agreements that also contained contingent Assignment Clauses and confirmed FPM's ownership of *Tea For Two*.  *Id.*; Usitalo Decl. at Exs. 4, 23.

The Copyright Office issued Registration No. SR 382-040 for *Freeplay Music Corp./DVD #1*, which includes *Tea For Two*.  Usitalo Decl. at Ex. 23.  The Copyright Office recorded Freeplay Music Corp.'s assignment of its interest in *Freeplay Music Corp./DVD #1* to FPM at V3553D361.  Doc. #19-5, PageID##339-40.

*Tea For Two* was used in 1 Arbogast promotional video.  FPM Decl. at ¶¶ 307-08.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Tea For Two. Id.* at ¶ 306.

***Up The Downbeat***  Mr. Schreer, John Loeffler, and David Rolfe created *Up The Downbeat*.  Schreer and Loeffler Decls., Doc. #45-1, PageID##815,821; Usitalo Decl. at Exs. 4, 25, 26.  Messrs. Schreer, Loeffler, and Rolfe conveyed *Up The Downbeat* to Freeplay Music Corp. through Work for Hire Agreements that also contained contingent Assignment Clauses and confirmed FPM's ownership of *Up The Downbeat. Id.*  Freeplay Music Corp. assigned *Up The Downbeat* to FPM.  Doc. #19-5, PageID##339-40.

The Copyright Office issued Registration No. SR 337-057 for *Country Volume 1*, which includes *Up The Downbeat,* and Registration No. SR 412-623 correcting a clerical error and identifying FPM as the owner of the work and Registration No. SR 412-785 recognizing the name change of the title *Kick It* to *Up The Downbeat*.  Doc. #19-5, PageID##319-26.

*Up The Downbeat* was used in 3 Arbogast promotional videos.  FPM Decl. ¶¶ 310-13.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Up The Downbeat.  Id.* at ¶ 309.

**_Through The Grassy Hills_**.  Kelly Weeks created *Through The Grassy Hills*.  Weeks Decl., Doc. #45-1, PageID#823.  Weeks conveyed *Through The Grassy Hills* to FPM through a License Agreement and confirmed FPM's ownership of Thorough The Grassy Hills.  *Id.*; Usitalo Decl. at Ex. 27.

The Copyright Office issued Registration No. SR 783-376 for *Through The Grassy Hills*.  Usitalo Decl. at Ex. 28.  *Through the Grassy Hills* was used in 9 Arbogast promotional videos.  FPM Decl. at ¶¶ 321-30.  FPM did not authorize Arbogast to exploit, reproduce, or make a derivative work (such as a promotional video) based on *Through The Grassy Hills.  Id.* at ¶ 320.

## IV.  **STANDARD OF REVIEW**

The standard for summary judgment is well known.  Pursuant to Fed. R. Civ. P. 56(c), a court may grant a motion for summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party bears the burden of showing it is entitled to summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original).  There are no genuine issues of material fact here, and the Court should grant summary judgment for FPM.

14

## V.    ARGUMENT

To succeed on its copyright infringement claim, FPM must show that (1) it is the owner of the copyrights in suit, and (2) that Arbogast used its copyrights without authorization. *Feist Publ'ns Inc. v. Rural Tel. Serv. Co. Inc.*, 499 U.S. 340, 361 (1991). FPM's ownership of the copyrights is supported by its copyright registrations and other copyright office filings (such as recorded assignments), the agreements conveying those copyrights to FPM, and the declarations of the composers of the works submitted in this action. In the three years since FPM first contacted Arbogast about use of FPM's works, Arbogast has never disputed that its promotional videos contain FPM's songs. As there are no material facts in dispute as to ownership or use, Arbogast is liable for copyright infringement as a matter of law.

### POINT I:      FPM Is the Owner of Valid Copyrights

FPM is the owner of the 23 registered copyrights in and to the musical compositions and sound recordings identified in FPM's Complaint and above. FPM is the owner of each of these copyrights by virtue of a Work for Hire Agreement, assignment, acquisition, and/or exclusive license.

The Copyright Act is definitive on copyright ownership. 17 U.S.C. § 201. A copyright vests in the author or authors of a work, and authors of a joint work are co-owners of the copyright in the work. 17 U.S.C. § 201(a). If a work is a work made for hire, the party for whom the work was prepared is the author and owns all the right in the copyright. 17 U.S.C. § 201(b). Ownership of a copyright may also be transferred, in whole or in part, by any means of conveyance or by operation of law. 17 U.S.C. §§ 201(d)(1), 204. An exclusive right in a copyright may also be transferred and the owner of that exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner. 17 U.S.C. §

201(d)(2).  The determination of ownership is a question of law.  *Neiemi v. American Axle Mfg. & Holding Inc.*, No. 05-74210, 2006 WL 3103864, at *2 (E.D. Mich. Ct. 31, 2006).

### A.      Each of the Musical Works is an Original Work and Constitutes Copyrightable Subject Matter Within 17 U.S.C. § 102

The works at issue are musical works and sound recordings created by the composers identified in the various work for hire, assignment, license, and acquisition agreements in the record.  Usitalo Decl. at Exs. 4-6, 8-9, 11-14, 16, 18, 20-23, 25-27.  Both musical works and sound recordings are proper copyrightable subject matter.  17 U.S.C. § 102.  Arbogast has never contested that these works are the proper subjects of a copyright and thus this element is indisputably satisfied.

### B.      The Copyright Registration for Each Work is *Prima Facie* Evidence of Ownership

A copyright registration is *prima facie* evidence of copyright ownership.  17 U.S.C. § 410(c).  *See also Lexmark Int'l v. Static Contril Components, Inc.*,3877 F.3d 522, 534 (6th Cir. 2004); *Hight-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995).  To overcome this evidence, the party contesting ownership has the burden of proving that the registrant is not the owner.  13 Nimmer § 13.01; *Montgomery v. Alcoa, Inc.*, No. 99-CV-73350-DT, 2000 WL 1769526, at *5 (E.D. Mich. Sept. 29, 2000).

FPM has produced the copyright registrations covering each of the 23 musical works and sound recordings.  Doc. # 19-3, 4, 5; Usitalo Decl. at Exs. 10, 15, 17, 19, 24, 28.  In evaluating whether Arbogast should be entitled to additional discovery, this Court determined that even additional discovery, beyond what is already in the record, would be "insufficient to rebut the presumption of ownership that arises from the copyright registrations."  Doc. #49, PageID#859.  Therefore, Arbogast is unable to overcome the presumption of ownership conferred by the copyright registrations.  Nonetheless, FPM has produced the underlying agreements supporting

16

its ownership of each work and the declarations of the composers demonstrating FPM's ownership of the works.  Doc. ##45-1, 46-2; Usitalo Decl. at Exs. 4-6, 8-9, 11-14, 16, 18, 20-23, 25-27.

As this Court previously found, Arbogast's attempt to seize on the fact that in certain instances the initial copyright registrations incorrectly identified "Freeplay Music, Inc.," a non-existent entity, instead of "Freeplay Music Corp." as the copyright owner is a red herring.  Doc. #49, PageID#859.  As this Court rightly concluded, FPM filed supplemental applications with the Copyright Office before this lawsuit was filed to correct these errors and these "inconsistencies are not material to the registerability of the works in question."  *Id.*

### C.    FPM is the Author and Owner of the Works through Work for Hire Agreements

Copyright in a work "vests initially in the author or authors of the work."  17 U.S.C. § 201.    When a work is a work made for hire, the person or entity for whom the work was prepared is considered the author and owns all of the rights comprised in the copyright.  17 U.S.C. § 201(b).  Agreements that are characterized as a "work for hire," or transfer copyrights to the plaintiff in the event the work was found not to be a "work for hire," are sufficient to establish ownership of the work.  Doc. #49, PageID#858; *In re Napster, Inc. Copyright Litigation*, 191 F.Supp.2d 1087, 1100 (N.D. Cal. 2002).

Each of the composers for the 17 works *Can Do, Challenge The Dream, Charlie, Cuttin Loose, The Edge, Feel Good, Funky Pad, Hear Me Calling, Mod Indigo, Moonbeams, Right On It, Soul Thang, SurfNation, Swing Cheese, Tea For Two, Up The Downbeat,* and *Your Eyes On Glory* conveyed the exclusive rights in these works to FPM by Work for Hire Agreements. Usitalo Decl. at Exs. 4-6, 8-9, 11-14, 16, 18, 20-23, 25-27.  Mr. Schreer, a co-composer of 14 of the 23 works, and the signatory on behalf of FPM on every Work for Hire Agreement in the

record, testified as to the process for creating the works and the parties' understanding that the works were created for FPM.  *See e.g.* Doc. #42-3, Schreer Tr. 43:12-44:1; 50:6-15; 71:19-72:2; 101:3-18; 66:14-19.  Having been apprised of this lawsuit, in March 2018 the composers for each of these works affirmed that they entered into a Work for Hire Agreement with FPM and that FPM is the owner of the works.  Doc. #45-1, PageID##798-802, 811-21; ##46-1, 2.[1]  The agreements "vest ownership in Freeplay because the works were created as works for hire." Doc. #49, PAGEID#858.  There is no genuine dispute as to FPM's ownership of these 17 works.

Each Work for Hire Agreement contains an Assignment Clause that transfers the rights to the work to FPM in the event the agreement is determined not to be a work for hire.  Usitalo Decl. at Exs. 4-6, 8-9, 13-14, 16, 20-23, 25-26.  In that case, the "agreements vest ownership in Freeplay because the composers assigned to Freeplay all rights and interests in the works."  Doc. #49, PageID#858.  Arbogast does not challenge that the copyright in the works could be transferred by assignment, nor would Arbogast, as a third party, have standing to mount such a challenge.

### D.    Arbogast Lacks Standing To Contest FPM's Ownership by Assignment

The Copyright Act allows a copyright owner to transfer its rights and defines a transfer of ownership to include an assignment and exclusive license. 17 U.S.C. §§ 102, 204.  For the musical works transferred by assignment rather than Work for Hire Agreements, three of the composers transferred their rights in six of the works to FPM via a written assignment or an exclusive license.  Doc. #49, PageID#848.  This Court has already held that Arbogast lacks standing to contest FPM's ownership of these six works: *Ground Squad*, *Corn Liquor*, *Driftwood, Heartland*, *Spice Factor*, and *Through the Grassy Hills.* Doc. #49, PageID#855 (a

---

[1] FPM was unable to locate Messrs. Callie, Davies, and Philips the composers of Charlie and Feel Good.  Larry Bucksbaum, the co-composer of The Edge is deceased.

third party lacks standing to challenge ownership by assignment); *Napster*, 191 F. Supp. 2d at

1097 (citing *Magunson v. Video Yesteryear*, 85 F.3d 1424, 1428-29 (9th Cir. 1996); *Billy-Bob*

*Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 592-93 (7th Cir. 2003)).

As this Court recounted,

> Composer Rick DiFonzo stated that he created "Corn Liquor," "Driftwood,"
> "Heartland" and "Spice Factor" for Freeplay Music Corporation pursuant to an
> agreement between Freeplay Corporation and Cruz Bay Music.  Cruz Bay Music
> then transferred all right and ownership to Freeplay Music Corporation.  Doc #45-
> 1, PageId#807.  Composer Tilmann Sillescu created "Ground Squad for
> Dynamedion GbR, which then assigned the rights and interests in that work to
> Freeplay Music, LLC.  Doc. #45-1, PageID#809.  Composer, Kelly Weeks, stated
> that he or she granted Freeplay Music, LLC, an exclusive license for "Through
> The Grassy Hills…."

Doc. #49, PageID#849.  Thus, Arbogast, cannot, regardless of the fact that it has not, raise an

issue of material fact as to FPM's ownership of these six works as a matter of law.

It should be noted that even if Arbogast could challenge the works that FPM owns under

Work for Hire Agreements, as those agreements all have Assignment Clauses, Arbogast still

would not be able to challenge FPM's ownership of the copyrights-in-suit.

### POINT II:    ARBOGAST COPIED FPM'S MUSICAL WORKS WITHOUT AUTHORIZATION

The owner of a copyright has the exclusive right to reproduce the works.  17 U.S.C. §

106(1).  Arbogast reproduced FPM's works 279 times in its promotional videos without

authorization. The Court can listen to each FPM song and then hear it reproduced in the

Arbogast Videos.  Even if the FPM song were not audible, every musical work has its own

"signature," called a waveform.

Through its wave analysis and fingerprinting technology, FPM's agent, TuneSat, used the

audio files of FPM's works to detect their use on the Internet.  TuneSat detected the use of 23 of

FPM's works in videos posted to Arbogast's YouTube Channel.  *See* FPM Decl. at ¶¶6 *et seq.*

19

FPM confirmed that FPM's works were used in 279 Arbogast videos.  *Id*.  In discovery, FPM produced to Arbogast each video containing FPM's work.  FPM also produced "audio affidavits" prepared by TuneSat which identified where, in each Arbogast Video, FPM's music could be found.  FPM Decl. at Ex. 1.

Although Arbogast is the creator of these videos and FPM first provided Arbogast with a list of the websites where it found the videos in 2015, Arbogast failed to produce those videos in this action despite FPM's repeated requests.  Tellingly, Arbogast has never, in its multiple filings and representations to this Court, disputed Arbogast's use of FPM's works in its videos.

There is simply nothing to dispute.  Arbogast created and/or published hundreds of videos to sell its vehicles.  These videos were posted on Arbogast's YouTube channels and other Internet websites.  As an example, the video "2012 Chevrolet Conversion Van Explorer Hi-Top," is a video showing the vehicle's features and components while FPM's song *Can Do* plays in the background.  FPM Decl. at Ex. 1, FPM_AB001541.  Nearly all of the videos at issue follow this format.  The Declaration of Jessie Kuhn and the enclosed exhibit, submitted herewith, identifies each FPM song at issue, each video by Arbogast, and the time at which FPM's music can be found in the corresponding Arbogast Video.  As all of these uses were made and published by Arbogast without FPM's authorization—Arbogast is an infringer.

## VI.    CONCLUSION

Based on the foregoing, and because Arbogast has raised no genuine issue of material fact as to FPM's ownership of the copyrights-in-suit, or that it used FPM's copyrighted works without authorization, summary judgment should be granted on FPM's claim for copyright infringement as a matter of law.

Dated: September 24, 2018       **BAKER & HOSTETLER, LLP**

By: */s/ Oren J. Warshavsky*

Lauren M. Hilsheimer (0085389)
Email: lhilsheimer@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

*Admitted pro hac vice:*

Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Michelle Usitalo
Email: musitalo@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4624
Facsimile: (212) 589-4201

*Attorneys for Plaintiff Freeplay Music, LLC*

21